# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1883.

———————

THEODORE RUNYON, ESQ., ORDINARY.

———————

JOHN REYNOLDS et al., appellants,

*v.*

JOHN JACKSON, respondent.

The excessiveness of commissions allowed to executors on an intermediate account cannot be examined by exceptions to one of their subsequent accounts. The only remedy is by an appeal from the former decree. If the commissions already allowed to executors have been excessive, that fact may be taken into consideration by the court in fixing the amount of their commissions for subsequent services to the estate.

———————

Appeal from order of Passaic orphans court.

*Mr. J. S. Barkalow*, for appellants.

*Mr. J. D. Bedle*, for respondent.

THE ORDINARY.

David Burnett, John Reynolds and Samuel Smith, as surviv-
ing executors of James Jackson, deceased, settled the account of
themselves and William Gledhill, deceased, their late co-executor,
in 1871.   They appear to have turned over the balance of the
estate in their hands to themselves as trustees, and in 1875 filed
an intermediate account as such trustees.   That account was
settled and commissions allowed thereon.   In 1877, Reynolds
and Smith, with George B. Day (Burnett appears not to have
acted as trustee after the settlement of the account in 1875), set-
tled their intermediate account as such trustees, and commissions
were allowed to them thereon.   In 1879, the same persons last
mentioned filed another intermediate account, which was settled
and commissions allowed to them thereon.   They appear to have
filed another like account in 1881, and exceptions were filed
thereto, on the ground that the amounts of commissions allowed
on the settlement of the previous intermediate accounts were ex-
cessive and not warranted by law.   The object of the exceptions
was to surcharge the account of 1881 with such excess.   The
orphans court, after hearing argument, ordered that the allow-
ances of commissions to the trustees in the former intermediate
accounts be set aside, and that it be referred to a master in chan-
cery named in the order, to report the allowance to be paid to
the trustees according to law.   From this order the trustees ap-
pealed.   The order is erroneous.   The allowance of commissions
on the settlement of the intermediate accounts was by the decree
of the orphans court.   If there was error in those decrees the
remedy was by appeal.   The orphans court cannot review them
on exceptions to the account now before it.   The trustees were
not bound to charge themselves in their account with the money
received by them by virtue of the decree of the court awarding
it to them as their commissions.   If the account is surcharged
with any money on account of the commissions heretofore

allowed, it must be because of the error of the court in fixing the amount of those commissions, not because of any failure or omission on the part of the trustees to charge themselves with the money; for the decree of the court on the settlement of those accounts is their sufficient warrant for retaining that money and applying it to their own use. If the court is of opinion that those allowances were greater than the law warranted, the question still remains whether, in view of the fact that there was no appeal from the decrees by which they were made, the exceptants are not without remedy. It is to be remembered that the decrees awarded to the trustees certain moneys for their compensation, which they have, on the strength of the decrees, taken out of the estate and applied to their own use, and the object of the exceptions is to compel them to repay it or some part of it, or, in other words, to recover it from them. There is neither fraud nor mistake on the part of the trustees in the matter. A decree of the court on the passing of an intermediate account is as conclusive on the subject of commissions, as a decree on a final account. To hold that such a decree on an intermediate account is liable to review on exceptions to any other intermediate account of the same accountants in the trust, or even on their final account, is to give to such decrees an instability foreign to our ideas of the character of judicial decrees. In the case in hand the orphans court has stricken out of these accounts all the allowances for commissions, although one of the recipients of those commissions is no longer a trustee, and it has entered on the inquiry as to what the commissions ought to have been; thus in effect opening all the decrees by an indirect proceeding, and seeking to compel the present trustees to pay into the estate part of the moneys which, by the decrees of the court, were awarded to the trustees, including Burnett, by the court's own judgment. Though the orphans court may open a decree for fraud or mistake, where either is proved, it must do so by a direct proceeding, having reference to the decree in question. Here there is neither fraud nor such mistake as to justify such action. It is of far more importance that the decrees of the court shall maintain their character of stability, than that a mistake of the court

in transcending the limits of the statute in awarding commissions by a decree never appealed from, should be corrected ; especially where, as in this case, the application is made by negligent parties, and after the decrees have stood for years. The distinction suggested between such decrees on intermediate accounts and like decrees on final accounts cannot be maintained. If the court has, on an intermediate account, made an excessive allowance of commissions, that fact will have its weight in its allowance of commissions for further services in the trust. The order appealed from will be reversed, with costs.